T.C. Summary Opinion 2016-19

UNITED STATES TAX COURT

WENDELL WILSON AND ANGELICA M. WILSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16610-13S.                     Filed April 25, 2016.

Wendell Wilson and Angelica M. Wilson, pro sese.

Heather K. McCluskey, for respondent.

SUMMARY OPINION

GERBER, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years under consideration, and all Rule references

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined $5,049 and $15,244 income tax deficiencies for petitioners' 2009 and 2010 taxable years, respectively. Respondent also determined $1,009.80 and $3,048.80 section 6662(a) accuracy-related penalties for 2009 and 2010, respectively. The issues for our consideration are: (1) whether petitioners are entitled to foreign earned income exclusions under section 911(a) for 2009 and 2010 and (2) whether petitioners are liable for section 6662(a) accuracy-related penalties for 2009 and 2010.

## Background

Petitioners resided in Querétaro, Mexico, at the time their petition was filed and during the years 2009 and 2010. Wendell Wilson (petitioner) is a citizen of the United States, and Angelica Wilson is a citizen of the United States and Mexico. Angelica Wilson did not earn income during 2009 and 2010.

Petitioner is a ship's engineer in the merchant marine, and his only employment during 2009 and 2010 was as an engineer on board oceangoing container ships. As an engineer, he was in charge of the ship's engine room,

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

including its electrical, mechanical, and electronic systems. Petitioner was a licensed merchant marine for approximately 22 years, and his license was issued by the United States Coast Guard.

The Marine Engineers Benefits Association (MEBA) posts jobs, and merchant marines are able to bid on them. Petitioner would bid on jobs through MEBA and, ultimately, would sign a contract with a ship's captain for a specific voyage. Petitioner worked on five voyages during 2009 and five during 2010. Each of the contracts petitioner entered into specified an itinerary that included time in foreign ports. All 10 of the voyages began and ended in California. He did not work or earn income in Mexico during 2009 and 2010 but would generally leave his home in Mexico and travel to California where he would board a ship for a voyage to foreign ports.

During 2009 petitioner was on voyages from March 3 through April 8; April 9 through May 11; May 12 through June 15; July 14 through August 17; and August 18 through September 21 for a total of 175 days and earned $76,055.45.

During 2010 petitioner was on voyages from January 26 through March 2; March 3 through April 7; April 8 through May11; November 22 through December 25; and December 26 through December 31for a total of 146 days and earned $113,086.15.

Most of the time the various ships were in international waters. During 2009 petitioner spent 41 days working in a foreign port or within the territorial waters of a foreign country. During 2010 petitioner spent 22 days working in a foreign port or within territorial waters of a foreign country.

Petitioner employed Michael Contract, an accountant, to prepare petitioner's income tax returns. Mr. Contract had prepared petitioners' income tax returns for approximately 20 years before the years before the Court. Petitioner moved to Mexico during 2005, and Mr. Contract, on the basis of petitioner's place of residence and the fact that he was on ships involved in foreign travel for his work, prepared petitioners' returns for the taxable years 2005 through 2010 so as to report that petitioner's income was exempt from U.S. taxation.

After petitioner reported that his income was exempt from U.S. taxation, his returns were audited for 2005, 2006, 2007, and 2008. No deficiency was determined by respondent with regard to the tax-exempt status of his income. Petitioners relied on Mr. Contract with respect to their 2009 and 2010 income tax returns.

## Discussion

During 2009 and 2010 petitioner was a merchant marine who served on cargo ships that were, for most of the time, outside U.S. territorial waters. He

excluded from gross income all of the income he earned as foreign earned income under section 911(a).  Under section 911(a), to be entitled to exclude income, a taxpayer must be a "qualified individual" and the income must be "foreign earned income".  Respondent agrees that petitioner is a qualified individual,[2] but contends that his income was not "foreign earned".

Foreign earned income is income received by a taxpayer "from sources within a foreign country or countries which constitute earned income attributable to services performed" during the time the taxpayer meets the qualified individual test.  Sec. 911(b)(1)(A).  The term "foreign country" is defined in section 1.911-2(h), Income Tax Regs., as follows:

> any territory under the sovereignty of a government other than that of the United States.  It includes the territorial waters of the foreign country (determined in accordance with the laws of the United States), the air space over the foreign country, and the seabed and subsoil of those submarine areas which are adjacent to the territorial waters of the foreign country and over which the foreign country has exclusive rights, in accordance with international law, with respect to the exploration and exploitation of natural resources.

International waters are not subject to the dominion of any single nation. United States v. Louisiana, 394 U.S. 11, 23 (1969).  This Court has held that income earned in international waters is not excludible under section 911(a).

_____

[2] Petitioner had a permanent home or domiciliary in Mexico where he was a bona fide resident.  See sec. 911(d)(1).

Clark v. Commissioner, T.C. Memo. 2008-71. Accordingly, during the days petitioner earned income in the territorial waters of a foreign country, essentially in a port of a foreign country, his earned income would be exempt under section 911(a).

On the record before the Court and in accord with the statutes and caselaw, petitioner was in the territorial waters of a foreign country for 41 days during 2009 and 22 days during 2010. During 2009 petitioner worked a total of 175 days, so that 23%[3] (41 divided by 175) of his income is exempt from U.S. taxation. During 2010 petitioner worked a total of 146 days, so that 15% (22 divided by 146) of his income is exempt from U.S. taxation. The resulting percentages, found by the Court for 2009 and 2010, are to be applied by the parties to petitioner's maritime income earned for each year in a Rule 155 computation.

We also consider whether petitioners are liable for 20% accuracy-related penalties under section 6662(a) on the resulting underpayments for 2009 and 2010. Respondent determined that petitioners are liable for accuracy-related penalty for each year for an underpayment attributable to negligence or disregard

---

[3]The percentage for each year has been rounded to the nearest whole number.

of rules or regulations and/or a substantial understatement of income tax and/or a "substantial valuation misstatement (overstatement)".[4]

Section 6662(a) is applicable where there is an underpayment attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(b)(1) and (2); see Neely v. Commissioner, 85 T.C. 934, 947 (1985). Section 6664(c)(1) provides that the penalty will not apply to any portion of an underpayment if it is shown that there was reasonable cause for that portion and that the taxpayer acted in good faith. Reliance on the advice of a tax professional may be sufficient to establish reasonable cause and good faith for the purpose of avoiding the penalty. United States v. Boyle, 469 U.S. 241, 250 (1985).

In order for the reliance to effectively enable the taxpayer to avoid the penalty: (1) the adviser must be a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs, P.A. v. Commissioner, 115 T. C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

---

[4]Respondent apparently used pro forma blanket language in the determination. The Court is not aware of a valuation issue between the parties.

Petitioner had employed his preparer for 20 years and relied upon his expertise to report that petitioner's income was exempt under section 911(a). The preparer was informed about petitioner's residence and the facts surrounding his income earned during international voyages on cargo ships. The reporting position had been approved for earlier years, and it was reasonable for petitioners to rely on the preparer under these circumstances. Accordingly, we hold that petitioners are not liable for accuracy-related penalties with respect to any underpayments that may result from our holding on the section 911(a) issue.

To reflect the foregoing,

Decision will be entered

under Rule 155.